UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

DEBORAH HARRIS, SARAH HARRIS, SHAQUANA
DUDLEY, and AARON HARRIS

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, DEPUTY INSPECTOR PHILIP
J. SFERRAZZA, CAPTAIN BRIAN MCGINN, POLICE
OFFICER JAMES MARSTON, SHIELD #24796, POLICE
OFFICER ALBERT BRUST, SHIELD #29444, POLICE
OFFICER BRADLEY DROSKOSKI, SHIELD #8409,
SGT. MARC WINKLER, CAPTAIN STEVEN A.
HAYNES, POLICE OFFICER SULLIVAN, LT. LEONIS
PENA, SGT. PATRICK WELSH, SHIELD #01708,
OFFICER PHILOME DIEUDONNE, SHIELD #06586,
OFFICER SEAN O'SHEA, SHIELD # 20820, OFFICER
JOHN NUMRICH, SHIELD #08309, OFFICER SUNIL
SING, SHIELD #29382, POLICE OFFICERS JOHN DOE
#1-10

**FIRST AMENDED
COMPLAINT AND
JURY DEMAND**

DOCKET # 07 CV 2611

ECF CASE



                                      Defendants.

-------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a December 30, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, assault and battery, trespass, and damage to

property.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

2

10. Deputy Inspector Philip J. Sferrazza was at all times here relevant the commanding officer of the 88th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Sferrazza is sued in his individual and official capacities.

11. Captain Brian McGinn was at all times here relevant the commanding officer of the Public Service Area 3, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the service area, including the other individual defendants. McGinn is sued in his individual and official capacities.

12. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. On December 30, 2005, at approximately 5:00 P.M., officers illegally entered plaintiffs' property, damaged plaintiffs' property, and assaulted and battered plaintiffs Aaron Harris and Sarah Harris.

16. At all times during the events described above, the officers were engaged in a joint

3

venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.    Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c.    Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d.    Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e.    Physical pain and suffering, requiring the expenditure of money for treatment;

    f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g.    Loss of liberty;

    h.    Attorney's and court fees.

## FIRST CAUSE OF ACTION

(42 USC § 1983)

19. The above paragraphs are here incorporated by reference.

20. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC § 1983.

21. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

22. Plaintiffs have been damaged as a result of defendants' wrongful acts.

**SECOND CAUSE OF ACTION**
(MUNICIPAL AND SUPERVISORY LIABILITY)

23. The above paragraphs are here incorporated by reference.

24. The City, Kelly, the Deputy Inspector, and the Captain are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

25. The City, Kelly, Deputy Inspector, and the Captain knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

26. The aforesaid event was not an isolated incident. The City, Kelly, Deputy Inspector, and the Captain have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on what is required to enter property legally without a search warrant. The City, Kelly, Deputy Inspector, and the Captain are further aware, from the same sources, that

NYPD officers routinely ignore the necessary predicates for lawful entry without a search warrant. The City, Kelly, Deputy Inspector, and the Captain fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, The City, Kelly, Deputy Inspector, and the Captain have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, Deputy Inspector, and the Captain are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

27. The City, Kelly, Deputy Inspector, and the Captain knew or should have known that the officers who caused plaintiffs' injury had a propensity for the type of conduct that took place in this case. Nevertheless, The City, Kelly, Deputy Inspector, and the Captain failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

28. The City, Kelly, Deputy Inspector, and the Captain have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

29. The above described policies and customs demonstrated a deliberate indifference on the

part of policymakers of The City, Kelly, Deputy Inspector, and the Captain to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

30. Defendants The City, Kelly, Deputy Inspector, and the Captain have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

31. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the City, Kelly, Deputy Inspector, and the Captain.

## THIRD CAUSE OF ACTION
### (ASSAULT)

32. The above paragraphs are here incorporated by reference.

33. Upon forcing the door open, defendants made plaintiff Sarah Harris fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

34. Upon pushing plaintiff Aaron Harris, defendants made him fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

35. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights, conspired to deprive them of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

36. Plaintiffs were damaged by defendants' assault.

## FOURTH CAUSE OF ACTION

(BATTERY)

37. The above paragraphs are here incorporated by reference.

38. Defendants engaged in and subjected plaintiffs Aaron Harris and Sarah Harris to immediate harmful and/or offensive touching and battered them.

39. Defendants used excessive and unnecessary force with plaintiffs Aaron Harris and Sarah Harris.

40. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights, conspired to deprive them of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

41. Plaintiffs were damaged by defendants' battery.

### FIFTH CAUSE OF ACTION
(TRESPASS)

42. All preceding paragraphs are here incorporated by reference.

43. Defendants voluntarily and intentionally entered upon plaintiffs' real property without consent.

44. Defendants destroyed property belonging to plaintiffs during the trespass.

45. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under New York State common law, 42 USC §1983 and the New York State Constitution.

46. As a result of the trespass, plaintiffs were damaged.

### SIXTH CAUSE OF ACTION
(TRESPASS TO CHATTEL)

47. All preceding paragraphs are here incorporated by reference.

48. Defendants voluntarily and intentionally interfered with plaintiffs' possession of their

8

personal property.

49. Defendants' interference with plaintiffs' personal property caused damage.

## SEVENTH CAUSE OF ACTION
### (CONVERSION)

50. All preceding paragraphs are here incorporated by reference.

51. Defendants voluntarily and intentionally substantially interfered with plaintiffs' possession of their personal property.

52. Defendants' substantial interference with plaintiffs' personal property caused an alteration to the character of the personal property.

## EIGHTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

53. All preceding paragraphs are here incorporated by reference.

54. Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§6 and 12 of the New York State Constitution.

55. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## NINTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

56. The preceding paragraphs are here incorporated by reference.

57. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

58. As a result of defendants' tortious conduct in the course of their employment and in

furtherance of the business of defendant City of New York, plaintiffs were damaged.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.  In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B.  Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         April 17, 2008

TO: New York City
    Corporation Counsel Office
    100 Church Street, 4th floor
    New York, NY 10007

    Police Commissioner Raymond W. Kelly
    1 Police Plaza
    Room 1406
    New York, NY 10006

    Deputy Inspector Philip J. Sferrazza
    88th Pct., NYPD

Yours, etc.,

ANDREW B. STOLL, ESQ.
Bar #AS8808
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com

10

298 Classon Avenue
Brooklyn NY 11205

Captain Brian McGinn
25 Central Avenue
Brooklyn, NY 11206

POLICE OFFICER JAMES MARSTON, SHIELD #24796
PSA 3
25 Central Avenue
Brooklyn, NY 11206

POLICE OFFICER ALBERT BRUST, SHIELD #29444
88th Pct., NYPD
298 Classon Avenue
Brooklyn NY 11205

POLICE OFFICER BRADLEY DROSKOSKI, SHIELD #8409
PSA 3
25 Central Avenue
Brooklyn, NY 11206

SGT. MARC WINKLER (PSA 3)
PSA 3
25 Central Avenue
Brooklyn, NY 11206

CAPTAIN STEVEN A. HAYNES (PSA 3)
PSA 3
25 Central Avenue
Brooklyn, NY 11206

POLICE OFFICER SULLIVAN (ESU #8)

Lt. Leonis Pena
75th Precinct
1000 Sutter Avenue
Brooklyn, NY 11208

Sgt. Patrick Welsh, Shield #01708
88th Precinct
298 Classon Avenue
Brooklyn, NY 11205

Officer Philome Dieudonne, Shield # 06586
88th Precinct

298 Classon Avenue
Brooklyn, NY 11205

Officer Sean O'Shea, Shield #20820
88th Precinct
298 Classon Avenue
Brooklyn, NY 11205

Officer John Numrich, Shield #08309
88th Precinct
298 Classon Avenue
Brooklyn, NY 11205

Officer Sunil Singh, Shield #29382
69th Precinct
9720 Foster Ave.
Brooklyn NY 11236